**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CASE NO:**

JOHNY ANTELO,

    Plaintiff,

    v.

XL ELECTRIC CORP.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JOHNY ANTELO ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files the following Complaint for Damages and Demand for Jury Trial against Defendant, XL ELECTRIC CORP. (hereinafter "Defendant"), and alleges as follows:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of minimum wage and overtime wages during the last month of his employment. This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. §§ 201–216, to recover all wages owed to Plaintiff during his employment period.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Collier County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant was a Florida corporation operating and doing business within the jurisdiction of this Honorable Court.

4. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant was vested with decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices that led to the FLSA violations alleged herein.

## JURISDICTION AND VENUE

6. The acts and/or omissions giving rise to this dispute took place in Collier County and Lee County, Florida, within the jurisdiction of this Honorable Court.

7. Defendant regularly transacts business in Collier County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

8. Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

9. Defendant owns and operates an electrical company that provides electrical services across the State of Florida.

10. Defendant employs electricians such as Plaintiff to provide electrical services to commercial and residential sites throughout Central Florida.

## FLSA COVERAGE

11. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant

and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(A).

12. During his employment with Defendant, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to the following: pliers, screwdrivers, wire strippers, measuring devices, power drills, hammers, power saws, fishing tools, helmets, gloves, goggles, glasses, cable cutters, nut drivers, screws, bolts, nails, wrenches, vehicles, conductors, etc.

13. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials to those goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

14. Upon information and belief, Defendant grossed in excess of $500,000.00 in 2020 and is expected to gross in excess of $500,000.00 in 2021.

15. During all material times hereto, Plaintiff was a non-exempt hourly employee of Defendant within the meaning of the FLSA.

16. Moreover, the economic realities of Plaintiff's work for Defendant rendered Plaintiff an employee. Defendant provided Plaintiff equipment and tools to perform work, Defendant provided and required Plaintiff and other similar employees to wear a uniform and/or suitable attire, Defendant controlled and directed the work performed by Plaintiff, Defendant set Plaintiff's work hours and responsibilities, and Plaintiff relied upon Defendant for his employment and work and was not free to actively work elsewhere during the time periods that Defendant scheduled him to work.

**PLAINTIFF'S WORK FOR DEFENDANT**

17. In or around September 2020, Defendant hired Plaintiff to perform electrical services in Naples, Florida.  Plaintiff continued to work for Defendant through December 2020.

18. Defendant paid Plaintiff $25.00 per hour.

19. In or around December 2020, Defendant failed to pay Plaintiff for 69 work hours at his regular hourly rate of $25.00 per hour, and 2.5 hours of work at his overtime rate of $37.50 per hour.

20. Defendant was expressly aware of the work performed by Plaintiff through its owner and managers, and in fact instructed and directed Plaintiff to perform all of this work, but nevertheless refused to pay after his termination of employment with Defendant in or around December 2020.

**COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206***

21. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 20 as though set forth fully herein.

22. Defendant failed to compensate Plaintiff at the applicable federal minimum wage rate of $7.25 for 69 hours of work he performed in or around December 2020.

23. Defendant's failure to pay Plaintiff proper federal minimum wages violates the FLSA.

24. Defendant willfully and intentionally refused to pay Plaintiff his proper minimum wages as required by the FLSA, as Defendant knew or should have known of the minimum wage requirements of the FLSA and refused to comply with those requirements.

25. Defendant's willful or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated (or double) damages.

26. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOHNY ANTELO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, XL ELECTRIC CORP., and award Plaintiff: (a) unliquidated minimum wage damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

27. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 20 as though set forth fully herein.

28. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

29. Defendant failed to pay Plaintiff for some of the overtime hours that he worked in excess of forty (40) hours in one (1) or more workweeks in December 2020.

30. Plaintiff was entitled to be paid at time-and-one-half his regular hourly rate for all hours worked over forty (40) per week as required under the FLSA during his employment period.

31. Plaintiff was a non-exempt, hourly employee during his employment period with Defendant.

32. Plaintiff was entitled to recover statutorily proscribed federal overtime wages at a rate time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

33. Defendant intentionally and/or willfully violated the FLSA or was reckless and/or indifferent as to its compliance with federal overtime law. Plaintiff is therefore entitled to liquidated (double) damages under federal law.

34. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid overtime

compensation as required by *29 U.S.C. § 216(b)* and any such further damages as may be shown at trial.

35. Plaintiff was required to retain the undersigned law firm to prosecute his claims and is therefore entitled to recover attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, JOHNY ANTELO respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, XL ELECTRIC CORP., and award Plaintiff: (a) unliquidated overtime wages; (b) liquidated damages; (3) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JOHNY ANTELO, hereby demands a trial by jury on all appropriate claims.

**Dated this 2nd day of March 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Johny Antelo*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 2, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## **SERVICE LIST:**